**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 1 4 2008

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 07 CR 815 -2 |
| ) | Judge Rebecca Pallmeyer |
| vs. ) | |
| ) | |
| DONALD RALLS ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant DONALD RALLS, and his attorney, THEODORE T. POULOS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The information in this case charges defendant with having willfully filed false joint U.S. Individual Income Tax Returns (Form 1040 with schedules and attachments) for the calendar years 2000 and 2001, which were made and signed under penalty of perjury, and filed with the Internal Revenue Service, which defendant knew were not true and correct as to every material matter, in violation of Title 26, United States Code, Section 7206(1) (Counts 11-12).

3. Defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count Twelve of the information. Count Twelve charges defendant with willfully filing a false joint U.S.

Individual Income Tax Return (Form 1040 with schedules and attachments) for calendar year 2001, in violation of Title 26, United States Code, Section 7206(1).

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count Twelve of the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant conduct beyond a reasonable doubt:

From approximately 1991 or 1992 until he retired in approximately June 2001, Defendant was employed as the Superintendent of the Building and Fleet Division of the Public Works Department for the Village of Bolingbrook, Illinois ("Village" or "Bolingbrook"). The Building and Fleet Division maintained Village facilities and Village-owned vehicles, which maintenance included ordering cleaning supplies and automotive parts and performing repairs and maintenance tasks on facilities and vehicles. As Superintendant, defendant was authorized to make purchases on behalf of Bolingbrook, approve purchases made by other Building and Fleet employees on behalf of Bolingbrook, and approve the submission of the invoices for these purchases for payment by the Village.

Beginning in approximately the late 1990s and continuing after his retirement in 2001, defendant asked certain business owners who did business with the Building and Fleet Division, Alan Guzzino of South Harlem Auto Supply, Inc., and David Donaldson of Merchants Supply Midwest, Inc., to give him merchandise, services, cash, and other financial benefits. The business owners acceded to the requests, and, at the direction of defendant, in the invoices they submitted for payment by the Village, the business owners at times included these personal items and at times added fictitious purchases and inflated prices, which allowed them to recoup the cost of the

merchandise, services, cash, and other financial benefits that defendant requested and also to gain additional, unearned monies for themselves and their businesses. Defendant knew that invoices submitted by the business owners at times contained items that were for personal use and at other times contained fictitious purchases and inflated prices, but he did not so inform the Finance Department and, thus, the invoices were paid by the Village.

In 2000, defendant received at least $2,137 in merchandise, services, cash, and other financial benefits from Alan Guzzino of South Harlem Auto Supply, and in 2001, he received at least $4,644 in merchandise, services, cash, and other financial benefits from Guzzino. In addition, in 2000 and 2001, defendant also received from David Donaldson of Merchant Supply Midwest some cleaning products and clothing purchased through catalogs. Defendant failed to disclose to his tax preparers any of the income that he received from these business owners, thus causing false federal income tax returns, Form 1040 (with schedules and attachments), to be filed with the Internal Revenue Service for calendar years 2000 and 2001.

Defendant admits that on or about January 4, 2003, as charged in Count Twelve of the information, he willfully made and subscribed and caused to be made and subscribed, a joint United States Individual Income Tax Return (Form 1040) for the calendar year 2001, which return was verified by a written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service. Defendant further admits that at the time he signed the Form 1040 for the calendar year 2001, defendant did not believe it to be true and correct as to every material matter contained therein. Specifically, defendant admits that (a) the return states on line 22 of Form 1040 that the total income of the defendant and his wife was $841,681, whereas the defendant then knew and believed that he had failed to disclose at least an additional $4,644 in income he received in the

form of merchandise, services, and money from business owners who conducted business with the Village of Bolingbrook; and further that he (b) knew and believed that the amount of taxes owed was in excess of the $102,400 stated on line 58 of Form 1040.

7. The defendant also acknowledges that for the purpose of computing his sentence under the U.S. Sentencing Guidelines, the following conduct, to which he stipulates, constitutes relevant conduct under Section 1B1.3 of the Guidelines:

Defendant admits that on or about October 15, 2001, he willfully made and subscribed and caused to be made and subscribed, a joint United States Individual Income Tax Return (Form 1040) for the calendar year 2000, which return was verified by a written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service. Defendant further admits that at the time he signed the Form 1040 for the calendar year 2000, defendant did not believe it to be true and correct as to every material matter contained therein. Specifically, defendant admits that (a) the return states on line 22 of Form 1040 that the total income of the defendant and his wife was $647,733, whereas the defendant then knew and believed that he had failed to disclose at least an additional $2,137 in income he received in the form of merchandise, services and money from business owners who conducted business with the Village of Bolingbrook; and further that he (b) knew and believed that the amount of taxes owed was in excess of the $128,352 stated on line 57 of Form 1040.

8. The foregoing facts are set forth solely to assist the court in determining whether a factual basis exists for defendant's plea of guilty, and are not intended to be a complete or comprehensive statement of all the facts within defendant's personal knowledge regarding the charged crimes and related conduct.

## Maximum Statutory Penalties

9. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 3 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the Court must order costs of prosecution, which are estimated to be $500. Defendant further understands that the judge also may impose a term of supervised release of not more than one year.

    b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

10. Defendant understands that in imposing sentence, the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

11. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b. **Offense Level Calculations.**

i. The base offense level for the filing of a false income tax return charged in Count Twelve of the information and the relevant conduct is calculated by reference to the tax loss involved. USSG §§ 2T1.1, 2T4.1. It is the government's position the tax loss in Count Twelve of $1,870, when combined with the tax loss for the relevant conduct year (2000) of $872, produces a loss value of $2,742 – which is at least $2,000 but not more than $5,000, for a base level offense of 8. USSG § 2T4.1(B). The defendant does not contest the government's position of the tax loss.

ii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 6, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing

Guidelines range of 0 to 6 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

   e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

   f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

12. The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

13. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the information as to this defendant.

## Presentence Investigation Report/Post-Sentence Supervision

16. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

17. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial

circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

18. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

19. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 815.

20. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States

or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

21. Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service (IRS) in its collection of any taxes, interest or penalties from defendant and his spouse. Defendant understands that the amount of tax as calculated by the IRS may exceed the amount of tax due as calculated for the criminal tax case.

## Waiver of Rights

22. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Right to be charged by indictment.** Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

    b. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted

by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

        iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their

attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

        vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    c.    **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

    d.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant understands that he has the right to have the criminal charges in the information brought within six years of the last of the alleged acts constituting the specified violations. By signing this document, defendant knowingly waives any

right to have the charges in the information brought against him within the period established by the statute of limitations. Defendant also knowingly waives any defense or claim based upon the statute of limitations or upon the timeliness with which the charges in the information were brought.

## Other Terms

23. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

24. Defendant agrees to cooperate with the IRS in any tax examination or audit of defendant and his spouse which directly or indirectly relates to or arises out of the course of conduct which defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records which the IRS may request. Nothing in this paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

## Conclusion

25. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

26. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement.

Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

27. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

28. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

29. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: Jan. 14, 2008

_____
PATRICK J. FITZGERALD
United States Attorney

_____
DONALD RALLS
Defendant

_____
LAURIE BARSELLA
Assistant U.S. Attorney

_____
THEODORE T. POULOS
Attorney for Defendant